IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VICTORIA POYNTER, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § Civil Action No._____ |
| | § |
| AETNA LIFE INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |

## COMPLAINT

Plaintiff Victoria Poynter, for her Complaint against Defendant Aetna Life Insurance Company, would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and, on information and belief, may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

### Facts

5. Prior to June 2013, Plaintiff was employed with Bank of America, as a mortgage fulfillment unit leader, and through such employer, covered by a short-term disability benefits policy administered by Defendant and a long-term disability benefits policy administered and

COMPLAINT – PAGE 1

issued by Defendant. As of December 2013, Plaintiff could no longer continue work as a result of joint pain and swelling associated with rheumatoid arthritis. On November 21, 2013, Plaintiff underwent wrist surgery. Plaintiff made a claim to benefits under the short-term disability benefits policy and received such benefits. Additionally, on December 2, 2014, Plaintiff underwent complete right wrist replacement. Upon exhaustion of short-term disability benefits, she then further made a claim to benefits under the long-term benefits policy and received such benefits for 24 months, from December 10, 2013 through June 20, 2017.

6. By letter dated June 20, 2017, Defendant denied long-term disability benefits to Plaintiff as of June 21, 2017.

7. By letters dated May 11, 2017 and November 16, 2016, Plaintiff appealed Defendant's June 20, 2017 denial of long-term disability benefits to her as of June 21, 2017.

8. By letter dated November 16, 2016, Plaintiff appealed Defendant's denial of long-term disability benefits to her as of June 21, 2017.

9. By letter dated February 6, 2018, Defendant upheld its decision to deny long-term benefits to Plaintiff.

10. By its June 20, 2017 and February 6, 2018 denials, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policy, improperly ignored Plaintiff's medical condition and testing of such condition and specific determinations of Plaintiff's disability based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments. In the February 6, 2018 denial, moreover, Defendant disregarded that Dr. John Lavery and Dr. Nam Le, treating physicians of Plaintiff, disagreed with the

Functional Capacity Evaluation and the Independent Medical Examination findings performed by physicians Defendant retained. Further, Defendant relied on the statement of their own independent peer physician who stated there was a lack of objective clinical data to support the disability of Plaintiff. Defendant further ignored the restrictions and limitations recommended by the treating physicians of Plaintiff, and their denial that surveillance taken of Plaintiff during short time periods, was representative of Plaintiff's condition during the four years of her disability.

11. In connection with the February 6, 2018 denial, Defendant failed to take account of medical evidence of Plaintiff's disability available in the Social Security disability benefits file of Plaintiff.

12. In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy, Defendant, by its September 8, 2014 denial, engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the requirements of 29 CFR 2560.503-1(b)(5) that benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirements of 29 CFR 2560.503-1(g) as to the content of any adverse benefit determination, the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination," the

requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination by identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR 2560.503-1(h)(3)(v) that any health care professional consulted in connection with any adverse benefit determination be an individual who was not consulted with the adverse benefit determination that was the subject of the appeal, nor a subordinate of such individual, and the requirements of 29 CFR 2560.503-1(j) as to the manner and content of a benefit determination on review.

   13. Based on the terms of the governing long-term disability benefits policy, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Code, and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Defendant's denial of benefits is subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

Claims

14. For her first cause of ction, Plaintiff would show that Defendant wrongfully denied benefits due to her under the long-term disability benefits policy as of, and after, June 21, 2017. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the short-term disability benefits policy, prejudgment interest thereon and her attorney's fees and expenses and costs of court.

15. For her second cause of action, Plaintiff would show that Defendant is entitled to additional equitable relief, or alternative equitable relief, under Section 1132(a)(3) of ERISA.

WHEREFORE, Plaintiff prays this Court grant her judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF